JAMES P. KEMP, ESQ.
Nevada Bar No. 6375
KEMP & KEMP
7435 W. Azure Dr., Suite 110
Las Vegas, Nevada 89130
(702) 258-1183/(702) 258-6983 fax
jp@kemp-attorneys.com
Attorney for Plaintiffs Tsadok and Juley Zizi

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

**\*\*\***

| | |
|---|---|
| TSADOK ZIZI and JULEY ZIZI, | ) |
| | ) |
| Plaintiffs, | ) |
| vs. | ) Case No.: 2:17-cv-00088 |
| | ) |
| ALL ABOUT SERVICE LIMOUSINE, INC, a | ) |
| Nevada Corporation; MICK MANLY, | ) |
| | ) |
| Defendants. | ) **COMPLAINT** |
| | ) |
| | ) JURY TRIAL DEMANDED |
| | ) |
| | ) |
| | ) |

COME NOW THE PLAINTIFFS, by and through their counsel, JAMES P. KEMP, ESQ., of KEMP & KEMP, ATTORNEYS AT LAW, and states and alleges causes of action against the Defendant(s) as follows:

**I.      JURISDICTION AND VENUE**

The Court has jurisdiction over this case pursuant to 28 U.S.C. §1331 in that it arises under the Constitution, laws, or treaties of the United States, specifically the Fair Labor Standards Act, 29 U.S.C. §201 et seq., as amended (herein "FLSA" or "the Act") and has supplemental jurisdiction pursuant to 28 U.S.C. §1367 over related state claims alleged herein.  Venue is proper in the unofficial Southern Division of the Court in that all of the material events complained of herein took place in Clark County, Nevada.

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

## II.    CLAIMS FOR RELIEF

### Factual Allegations Common to all Claims

1.    The Plaintiffs are residents of Clark County Nevada and were at all relevant times mentioned herein, from approximately June 2014 through approximately October 20, 2016 an employee at the Defendants' place of business, All About Service Limousine in Clark County Nevada (hereinafter collectively referred to with Mick Manly as "Defendants").

2.    Defendant ALL ABOUT SERVICE LIMOUSINE, INC. is and was, upon information and belief, at all material times mentioned herein a Nevada Corporation duly organized under the laws of the state of Nevada and, upon information and belief, was and is doing business as ALL ABOUT SERVICE LIMOUSINE, INC., operating at 2350 S. Jones Blvd., Suite 101, Las Vegas, NV 89146.

3.    Upon information and belief, the Defendants engage in a for-profit business which has gross revenue in excess of $500,000 per annum and is engaged in the production of goods for interstate commerce and/or the use and/or handling of goods which have moved in interstate commerce as such terms are defined in the FLSA and are employers subject to the jurisdiction of the FLSA.

4.    The Defendant MICK MANLY is or was the employer of the Plaintiff if the corporate defendant is or was defunct, or for any reason is deemed to not be Plaintiff's employer, at any of the relevant times mentioned herein.

5.    The Defendant MICK MANLY is or was the owner or sole or partial shareholder of the corporate defendant.

6.    The Defendant MICK MANLY is or was a director of the corporate defendant.

7.    The Defendant MICK MANLY is or was an officer of the corporate defendant.

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ◆ Fax (702) 258-6983

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

8.   The Defendant MICK MANLY by virtue of his status as an owner, shareholder, director, and officer of the corporate defendant exercises complete control over the corporate defendant.

9.   Throughout this Complaint the term Defendants refers to all Defendants both severally and collectively as the context indicates.  Defendants are employers as defined in the FLSA and under NRS 608.011.

10.  The individual plaintiffs have each been an employee of the defendants during the time period pertinent to this complaint, to wit, the three years immediately preceding the initiation of this action.  The individual plaintiffs have performed labor and services in various occupations that are subject to the aforesaid provisions of the FLSA.  These occupations include, but are not limited to, work as managers.  Defendants, through their agents, servants, and/or employees, are engaged in interstate commerce.  Such interstate commerce by said defendants includes, but is not limited to, the shipment and/or purchase and use of a substantial amount of goods and/or information shipped in interstate commerce through the United States Post Office and/or telephone lines and/or other means, as well as other activities constituting interstate commerce under the provisions of said Act.

11.  The labor and services performed by the plaintiffs was directly essential to the shipment and use of various goods which moved in interstate commerce, and plaintiffs therefor were engaged in commerce or in the production of goods for commerce as that term is used in the Act while employed by the defendants.

12.  That the individual defendant has intentionally acted to violate Federal Law on behalf of the plaintiffs' nominal employer(s), who was the corporate defendant and as a result the individual defendant, who was a decision making manager and/or

controlling agent and/or principal owner of the corporate defendant, have assumed the position of "employer(s)" and/or the liability otherwise imposed upon "employers" in regards to the plaintiff within the meaning of Federal Law and as a result thereof the individual defendant has assumed personal liability for all sums of money owed to the plaintiff pursuant to Federal Law.

13. The Defendant Mick Manly was Plaintiffs' employer under NRS 608.011.

14. That the intentional violations of law alleged to have been committed herein were done with the specific approval of the individual defendant and make the individual defendant "employer" or "joint employer" of the plaintiff for the purposes of the claims made herein and/or otherwise makes the individual defendant legally liable for the claims made herein.

15. That the individual and corporate defendants are, upon information and belief, the alter-ego of one another.

16. That the various violations of law which are alleged herein were committed intentionally and/or willfully by all of the defendants.

17. On or about October 20, 2016 the Defendants terminated Plaintiffs' employment and discharged both of them.

18. Defendants failed to pay Plaintiffs their final wages, in accordance with NRS 608.020 and NRS 608.040. More than thirty (30) days has passed without Defendants paying Plaintiffs their final wages.

19. In 2014 Plaintiff Tsadok Zizi worked a total of 960 hours of straight time and a total of 1,272 hours of overtime. For that year he only received $7,800.00 in wages. His hourly rate under state minimum wage law should have been $8.25 per hour on

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

**KEMP & KEMP**
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

straight time and $12.375 per hour for all overtime hours in excess of 8 hours per day. For 2014 Plaintiff Tsadok Zizi is owed $15,861.12 ($23,661.12-$7,800.00).

20.   In 2015 Plaintiff Tsadok Zizi worked a total of 2,000 hours of straight time and a total of 2,650 hours of overtime. For that year he only received $14,225.26 in wages. His hourly rate under state minimum wage law should have been $8.25 per hour on straight time and $12.375 per hour for all overtime hours in excess of 8 hours per day. For 2015 Plaintiff Tsadok Zizi is owed $35,068.74 ($49,294.00-$14,225.26).

21.   In 2016 Plaintiff Tsadok Zizi worked a total of 1,600 hours of straight time and a total of 2,120 hours of overtime. For that year he only received $3,918.75 in wages. His hourly rate under state minimum wage law should have been $8.25 per hour on straight time and $12.375 per hour for all overtime hours in excess of 8 hours per day. For 2016 Plaintiff Tsadok Zizi is owed $35,516.25 ($39,435.00-$3,918.75).

22.   In 2014 Plaintiff Juley Zizi worked a total of 960 hours of straight time and a total of 48 hours of overtime. For that year she only received $3,960.00 in wages. Her hourly rate under state minimum wage law should have been $8.25 per hour on straight time and $12.375 per hour for all overtime hours in excess of 8 hours per day. For 2014 Plaintiff Juley Zizi is owed $4,554.00 ($8,514.00-$3,960.00).

23.   In 2015 Plaintiff Juley Zizi worked a total of 2,000 hours of straight time and a total of 100 hours of overtime. For that year she only received $12,342.50 in wages. Her hourly rate under state minimum wage law should have been $8.25 per hour on straight time and $12.375 per hour for all overtime hours in excess of 8 hours per day. For 2015 Plaintiff Juley Zizi is owed $4,945.00 ($17,287.50-$12,342.50).

24.   In 2016 Plaintiff Juley Zizi worked a total of 1,600 hours of straight time and a total of 80 hours of overtime. For that year she only received $2,429.63 in wages. Her

hourly rate under state minimum wage law should have been $8.25 per hour on straight time and $12.375 per hour for all overtime hours in excess of 8 hours per day. For 2016 Plaintiff Juley Zizi is owed $14,190.00 ($17,287.50-$2,429.63).

25. The minimum wage under FLSA during the relevant time period was $7.25 per hour. The FLSA overtime rate based on the minimum wage was $10.88 per hour.

26. At no time were the Plaintiffs exempt from overtime under the Act, or Nevada state law.

27. The Defendants' acts of failing and refusing to pay the Plaintiffs their justly due wages and overtime pay were willful acts.

## A.  FIRST CLAIM: VIOLATION OF FLSA MINIMUM WAGE LAW

28. All other pertinent paragraphs set forth herein are incorporated here by reference as if fully set forth and re-alleged.

29. The plaintiffs brings this First Claim for Relief pursuant to 29 U.S.C. § 216(b).

30. Pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 206 and/or §207, each individual plaintiff was entitled to a minimum wage for all hours worked up to and including forty (40) hours per week, each individual plaintiff worked more than forty (40) hours per week for the defendants during most (if not all) of the weeks during which they worked for the defendants, and the defendants willfully failed to make said minimum wage payments.

31. Plaintiffs seek, on this First Claim for Relief, a judgment for unpaid minimum wages and additional liquidated damages of 100% of any unpaid minimum wages, such sums to be determined based upon an accounting of the hours worked by, and wages

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

actually paid to the plaintiff and the plaintiff also seeks an award of attorney's fees, interest and costs as provided for by the FLSA.

32. Defendants violations of the FLSA were intentional and willful.

## B.  SECOND CLAIM: VIOLATION OF FLSA OVERTIME WAGE LAW

33. All other pertinent paragraphs set forth herein are incorporated here by reference as if fully set forth and re-alleged.

34. The plaintiffs bring this Second Claim for Relief pursuant to 29 U.S.C. § 216(b).

35. Pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 206 and/or §207, each individual plaintiff was entitled to an overtime hourly wage of time and one-half of his or her regular hourly wage for all hours worked in excess of forty (40) hours per week, the individual plaintiffs worked more than forty (40) hours per week for the defendants during most (if not all) of the weeks during which she worked for the defendants, and the defendants willfully failed to make said overtime payments.

36. Plaintiff seeks, on this Second Claim for Relief, a judgment for unpaid overtime wages and additional liquidated damages of 100% of any unpaid overtime wages, such sums to be determined based upon an accounting of the hours worked by, and wages actually paid to the plaintiff and the plaintiff also seeks an award of attorney's fees, interest and costs as provided for by the FLSA.

37. Defendants violations of the FLSA were intentional and willful.

## C.  THIRD CLAIM: VIOLATION OF NEVADA MINIMUM WAGE LAW

38. All other pertinent paragraphs set forth herein are incorporated here by reference as if fully set forth and re-alleged.

**KEMP & KEMP**
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ◆ Fax (702) 258-6983

**KEMP & KEMP**
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

39. Defendants' failure and refusal to pay minimum wages as set forth herein violates Nevada Constitution Article 15, Section 16.

40. Plaintiff has suffered damages in an amount to be determined at trial.

41. Defendants are liable under Nevada Constitution Article 15, Section 16.

## D. FOURTH CLAIM: VIOLATION OF NEVADA OVERTIME WAGE LAW

42. All other pertinent paragraphs set forth herein are incorporated here by reference as if fully set forth and re-alleged.

43. Defendants have failed to pay Plaintiff overtime wages for all hours worked in excess of 8 hours per day, or 40 hours per week in violation of NRS 608.018.

44. Defendants are liable for overtime wages owed to Plaintiff at the rate of 1.5 times her hourly rate of pay for all hours worked in excess of 8 hours per day or 40 hours per week.

## E. FIFTH CLAIM: BREACH OF CONTRACT

45. During their employment with Defendants, the Plaintiffs advanced money to the Defendants in the form of paying the Defendants' business expenses between June 16, 2014 through August 20, 2016.

46. This advanced money included interest finance charges from credit card companies on expenses charged to the employees' credit card accounts.

47. The total amount of the advances for Defendants' business expenses and interest finance charges made to Defendants by Plaintiffs is in excess of $27,260.90 and rising with the further incurring of interest finance charges. A summary of the

**KEMP & KEMP**
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

expenses and finance charges is attached hereto as Exhibit 1 and incorporated herein by this reference.

48.    The Defendants expressly or impliedly promised and agreed that they would reimburse the Plaintiffs for their paying the business expenses and incurring the interest finance charges described herein.

49.    The Plaintiffs provided the consideration of paying the business expenses and incurring the interest finance charges.

50.    The Defendants have breached their express or implied promise to reimburse the Plaintiffs for the business expenses and interest finance charges and the full amount remains due and owing.

51.    The agreement, express or implied, between the Defendants and the Plaintiffs was a contract or a series of contracts. Defendants breached the contract(s). Plaintiffs have suffered damages.

52.    The contract between the Defendants and the Plaintiffs had, as all contract do, an implied covenant of good faith and fair dealing. The Defendants in terminating the Plaintiffs employment without reimbursing, as agreed, the expenses and interest finance charges incurred by Plaintiffs for Defendants' business constitutes a contractual breach of the implied covenant of good faith and fair dealing. Plaintiffs have suffered damages.

## F. SIXTH CLAIM: UNJUST ENRICHMENT

53.    All other pertinent paragraphs set forth herein are incorporated here by reference as if fully set forth and re-alleged.

**KEMP & KEMP**
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

54.     Defendants have received the benefit of the Plaintiffs paying their business expenses while they were employees of the Defendants.

55.     Defendants have not paid the Plaintiffs back for their having paid their business expenses and the related interest finance charges.

56.     Defendants have retained the benefits of Plaintiffs paying their business expenses without reimbursing their employees for such expenses and interest finance charges and such retention or the benefit unjustly enriches the Defendants against fundamental principles of justice, equity, and good conscience.

57.     The Defendants should be required to account for and give restitution to the Plaintiffs for the amounts that they have expended or incurred for Defendants' business expenses while the Plaintiffs were employees of the Defendants.

58.     This failure to reimburse these expenses constitutes or has the effect of a reduction of or failure to pay minimum wages.

59.     Plaintiffs have been forced to expend costs and incur fees to hire an attorney to pursue their rights under the law and at equity.

**G.  SEVENTH CLAIM: WAGES DUE AND OWING WITH STATUTORY PENALTY UNDER NRS 608.040**

60.     All other pertinent paragraphs set forth herein are incorporated here by reference as if fully set forth and re-alleged.

61.     Defendants failed and neglected to timely pay the Plaintiffs their final wages in accordance with NRS 608.020 in that they failed to pay to plaintiffs their final wages when due to the plaintiffs upon their being terminated or within 3 days thereafter.

62.     Defendants are liable to Plaintiffs for the statutory penalty provided in NRS 608.040.

63.     Plaintiffs have been forced to expend costs and incur fees to hire an attorney to pursue their rights under the law.

## III.     DEMAND FOR JUDGMENT FOR RELIEF

The Plaintiff prays judgment against the Defendants, and each of them, as follows:

A.     All applicable relief provided for under 29 U.S.C. § 216 (b) including, but not limited to:

1.     Money damages for unpaid wages, salary, employment benefits, or other compensation denied or lost due to the violations of law by the Defendants;

2.     An additional amount as liquidated damages equal to the sum of the amount of damages awarded for overtime compensation denied or lost due to the violations of FLSA by the Defendants in accordance with 29 U.S.C. § 216;

3.     Interest on the amounts awarded under 1 and 2 above at the prevailing rate;

4.     Equitable relief as may be appropriate;

5.     Reasonable attorney's fees, reasonable expert witness fees, and other costs of the action;

B.     All applicable remedies provided for under Nevada Constitution Article 15, Section 16, including "all remedies available under the law or in equity appropriate to remedy any violation of this section, including but not limited to back pay, damages, reinstatement or injunctive relief. An employee who prevails in any action to enforce this section shall be awarded his or her reasonable attorney's fees and costs."

C.     All applicable remedies for Defendants' violation of NRS 608.018 failure to pay overtime.

D.     Money damages for breach of contract and/or breach of the implied covenant of good faith and fair dealing.

E.     Restitution of the amounts of the Defendants' business expenses and related finance charges incurred or paid by Plaintiffs to avoid the inequitable unjust enrichment of the

**KEMP & KEMP**
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

Defendants at the expense of its employees.

F.  Pre-judgment and Post-judgment interest on all applicable sums due.

G.  Money Damages for Plaintiff's unpaid final wages and the statutory penalty of thirty (30)

day's pay at Plaintiff's regular rate of pay in accordance with NRS 608.040.

H.  For trial by jury on all issues that may be tried to by a jury.

I.  For such other and further relief as the Court may deem just and proper.


DATED this 11th day of January, 2017.


_____/s/ James P. Kemp_____

JAMES P. KEMP, ESQUIRE
Nevada Bar No. 006375
KEMP & KEMP
7435 W. Azure Drive, Suite 110,
Las Vegas, NV  89130
(702) 258-1183/ (702) 258-6983 (fax)
jp@kemp-attorneys.com
Attorney for Plaintiffs Tsadok and Juley Zizi

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

EXHIBIT_____1_____

EXHIBIT_____1_____

| Date | Payee | Description | Amount | Amount | Amount | Notes |
|---|---|---|---|---|---|---|
| 6/16/2014 | US Bank | Cash Bank deposit-open checking account at US Bank--cash | $1,300.00 | $1,300.00 | | |
| 6/8/2014 | Dependable Recovery | Repo Charge for town car 686YGW | $575.00 | $575.00 | | |
| 6/8/2014 | Dependable Recovery | Repo Charge for town car 924LUW | $375.00 | $375.00 | | |
| 6/20/2014 | US Bank | Cash Bank Deposit-Tzadok's(Steve) own money to cover operating - payroll expenses | $300.00 | $300.00 | | |
| 6/23/2014 | US Bank | Bank deposit-- Tzadok's (Steve) own money to cover operating - payroll expenses | $1,200.00 | $1,200.00 | | |
| 6/25/2014 | Auto Trend | Purchase of Linc. Town Car Exec | $7,400.00 | | $10,804.52 | 16.24% interest x 2 years 10 months = $3404.52+ 7400 =$10,804.52 |
| 6/29/2014 | US Bank | Cash Bank deposit-- Tzadok's (Steve) own money to cover operating-payroll expenses | $1,300.00 | $1,300.00 | | |
| 7/31/14 | US Bank | Bank Deposit of Tzadok's (Steve) own money to cover IRS payment | $350.00 | $350.00 | | |
| 1/15/16 | McCullough & Associates | Manly and Sas Lawsuit | $2,105.72 | | $2,366.11 | 13.49% interest x 10 months = $260,00 + $2105.72 = $2,366.11 |
| 3/16/16 | Garg Golden Law Firm | Manly and Sas Lawsuit | | | $3,893.46 | 13.49% interest x 8 months = $393 + $3,500 = $3,893.46 |
| 3/28/16 | Western Reporting | Legal Deposition on Aaron Sas Documents | $988.10 | | $1,077.10 | 13.49% interest x 8 months = $89.00 + 988.10 = $1,077.10 |
| 4/4/16 | Secretary of State | Company License | $825.00 | | $825.00 | 6-22-16 Chk#1229 |
| 8/15/16 | Garg Golden Law Firm | Manly and Sas Lawsuit | $2,500.00 | | $2,500.00 | dispute on card 10/21/16 |
| 8/20/16 | Geico-Indemnity Car Insurance | Vehicle Insurance for August Month | $1,175.20 | | $1,219.71 | 15.15% interest x 3 months = $44.51 + $1,175.20 = $1,219.71 |